# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2693 | **DATE** | 8/13/2010 |
| **CASE TITLE** | LYS Aviation vs. BCI Aircraft | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss (13) is granted and the case is dismissed. Status hearing set for 8/20/10 is now vacated.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

Plaintiff Lys Aviation ("Lys"), a foreign corporation based in Lille, France, asserts claims against defendant BCI Aircraft Leasing, Inc. ("BCI"), an Illinois corporation, stemming from an alleged breach of the parties' Services Agreement (the "Agreement"), which includes the following forum-selection clause:

> 10 Applicable law and jurisdiction
> The relationship of the parties hereto shall be construed in accordance with and governed by the applicable laws of the French Republic. Exclusive jurisdiction venue of any action in connection herewith shall lie in relevant state court in Lille, France.

The parties agree that this forum-selection clause was included in boilerplate language supplied by Lys during contract negotiations, for the benefit of Lys. BCI moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.

Lys argues against enforcement of the forum-selection clause. It contends that it would be "unreasonable and unjust" to litigate this action in France because BCI is in financial trouble and likely to be judgment-proof before any judgment there could be obtained and enforced here.[1] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16-18 (1972)("a forum clause, even though it is freely bargained for and contravenes no important policy of the forum, may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for trial of the action," in other words, "the contractual forum would be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court"). In support of this argument, Lys points to ongoing civil litigation in which BCI and/or its president/founder are alleged to have violated various securities laws (Dkt. 20-1, *United States Sec. & Exch. Comm'n v. Hollnagel, et al.*, No. 07-cv-4538 (N.D. Ill.)), and criminal litigation in which BCI's president/founder has been indicted for making bribes in violation of federal wire fraud laws, among other things, (Dkt. 20-3, *United States v. Hollnagel, et al.*, No. 10-cr-0195 (indictment)). Despite the serious allegations against BCI, the evidence does not show that by pursing its claims

|  |
|---|
| **STATEMENT** |
| against BCI in France that Lys will be deprived of its day in court. Lys also cites no authority suggesting that projected insolvency is a valid reason to avoid enforcement of the bargained-for forum-selection clause. Accordingly, BCI's motion is granted. This case is dismissed. |

    1. Lys contends it will take more than four years to receive a judgment in France.